**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**JOHN N. TEETS and
DEBRA TEETS,**

        Plaintiffs,

**v.**
                                     **CIVIL ACTION NO.: 3:19-CV-195
(GROH)**

**MINE SAFETY APPLIANCES COMPANY, LLC,
AMERICAN OPTICAL CORPORATION,
CABOT CSC LLC, formerly known as
Cabot Safety Corporation,
AEARO TECHNOLOGIES LLC,
CENTRAL SUPPLY, INC.,
and JOHN DOES 1-10,**

        Defendants.

## ORDER GRANTING MINE SAFETY APPLIANCES COMPANY, LLC's MOTION FOR SUMMARY JUDGMENT

John and Debra Teets ("Plaintiffs") allege various products liability claims against several Defendants. One of those Defendants, Mine Safety Appliances Company, LLC ("MSA") moves the Court to find the claims against it are time barred and the discovery rule does not apply. Thus, the issue before this Court is straight forward: does the discovery rule save Plaintiffs' untimely claims against MSA? It does not.

## I. LEGAL STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586.  That is, once the movant has met its burden to show an absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence establishing there is indeed a genuine issue for trial.  Fed. R. Civ. P. 56; Celotex Corp., 477 U.S. at 323-25; Anderson, 477 U.S. at 248.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249 (citations omitted).  A motion for summary judgment should be denied "if the evidence is such that conflicting inferences may be drawn therefrom, or if reasonable men might reach different conclusions." Phoenix Savs. & Loan, Inc. v. Aetna Cas. & Sur. Co., 381 F.2d 245, 249 (4th Cir. 1967); see also id. at 253 (noting that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge").

## II. DISCUSSION

The only issue before the Court is whether this Civil Action was filed out of time under West Virginia law.  The parties agree that West Virginia Code § 55-2-12, which provides a two-year statute of limitations, governs Plaintiffs' claims.  See ECF Nos. 98 at 1; 103 at 14.  However, the parties diverge on whether the discovery rule applies to salvage Plaintiffs' untimely-filed claims.

As this Court has previously explained,[1] in Dunn v. Rockwell, 689 S.E.2d 255 (W. Va. 2009), the Supreme Court of Appeals of West Virginia explained that courts should conduct a five-step analysis to determine whether the statute of limitations bars a cause of action. The Court considers each step of this analysis in turn.

First, the Court must "identify the applicable statute of limitation." Id. at 265. Here, as noted supra, the parties agree that period is two years. W. Va. Code § 55-2-12.

Second, the Court "should identify when the requisite elements of the cause of action occurred." Dunn, 689 S.E.2d at 265. Here, Mr. Teets clearly was aware of his medical diagnosis more than two years prior to filing of this lawsuit.  The Court finds it likely that the statute of limitations should have begun running in 2001 when he received a letter from the Department of Labor's Mine Safety and Health Administration ("MSHA") stating, "YOU HAVE ENOUGH COAL WORKERS' PNEUMOCONIOSIS ('BLACK LUNG') TO BE ELIGIBLE FOR THE 'OPTION TO WORK IN A LOW DUST AREA. OF A MINE." ECF No. 89-7.[2]  The letter further stated, "[i]t is recommended that you consult

---

[1] Howell v. Cty. Comm'n of Hampshire Cty., W. Virginia, No. 3:20-CV-183, 2020 WL 7130370 (N.D. W. Va. Dec. 4, 2020).

[2] The Court recognizes that this citation is to documents filed by Moldex-Metric in support of its motion for summary judgment; however, the documentation was produced as part of this civil action, and MSA references "the facts and testimony cited by Moldex-Metric in its Memorandum." ECF No. 98 at 9.

with a knowledgeable professional, such as an attorney or a physician who is qualified to advise you." Id.

To summarize, Plaintiffs received a letter from MSHA stating that Mr. Teets' x-ray showed he had black lung, in all caps, and then recommended he consult with an attorney.  Under West Virginia law, this Court finds that is adequate to trigger the statute of limitations.  Nonetheless, had this event never occurred, another letter was sent in 2003 [ECF No. 89-8], and Dr. Jawad diagnosed Mr. Teets with coal workers' pneumoconiosis on April 24, 2017.  It is this 2017 date that Plaintiffs argue the Court should use, but assuming arguendo this was the appropriate date, it still falls outside the two-year statute of limitations because Plaintiffs did not file their Complaint until October 10, 2019.

Plaintiffs rely upon Mr. Teets' diagnosis as the triggering event for the statute of limitations, but the Supreme Court of Appeals of West Virginia is clear on this issue:

> This Court has repeatedly stated that the statute of limitations begins to run when a plaintiff **has knowledge of the fact that something is wrong** and not when he or she knows of the *particular nature* of the injury. . . . Goodwin's argument that we should depart from this bedrock precedent is unpersuasive.

Goodwin v. Bayer Corp., 218 W. Va. 215, 221, 624 S.E.2d 562, 568 (2005) (emphasis added) (citing Harrison v. Seltzer, 165 W.Va. 366, 371, 268 S.E.2d 312, 315 (1980); Gaither v. City Hosp., Inc., 199 W.Va. 706, 712, 487 S.E.2d 901, 907 (1997); McCoy v. Miller, 213 W.Va. 161, 166, 578 S.E.2d 355, 360 (2003)).  In this case there is no question that Plaintiffs had knowledge that something was wrong in 2001; and certainly they knew in April 2017.

Third, the Court must determine whether the discovery rule should apply using the criteria set forth in Syllabus Point 4 of Gaither v. City Hosp., Inc., 487 S.E.2d 901 (W. Va. 1997). Dunn, 689 S.E.2d at 265. Syllabus Point 4 of Gaither provides:

> In tort actions ... under the discovery rule the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury.

"[W]hether a plaintiff 'knows of' or 'discovered' a cause of action is an objective test. The plaintiff is charged with knowledge of the factual, rather than the legal, basis for the action. This objective test focuses upon whether a reasonable prudent person would have known, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action." Syl. pt. 4, Dunn, 689 S.E.2d at 258.

Additionally, "[w]here a plaintiff knows of his injury, and the facts surrounding that injury place him on notice of the possible breach of a duty of care, that plaintiff has an affirmative duty to further and fully investigate the facts surrounding that potential breach." McCoy v. Miller, 578 S.E.2d 355, 359 (W. Va. 2003).

Although the Court finds 2001 is the more appropriate date to calculate the statute of limitations, Plaintiffs "knew of" the factual basis for their cause of action in April 2017 at the absolute latest.  Through discovery, Mr. Teets has stated that he "always" wore respiratory protection, denied ever being exposed to dust while not wearing protection, knew inhaling coal dust could be harmful to his heath and he believed respirators "absolutely" would prevent him from contracting black lung.  See ECF Nos. 89-4 & 89-5. Moreover, Mr. Teets testified that he used MSA respirators between 1974 and 1988,

always wore his respirator, and was trained at each mine on how to properly use and maintain respirators, as well as how to properly fit it.  See ECF No. 98-3.

Therefore, Plaintiffs knew of the "injury, and the facts surrounding that injury place[d them] on notice of the possible breach of a duty of care" by MSA. Id.  Accordingly, the discovery rule does not apply to the instant case, and the statute of limitations began to run on the Plaintiffs' claims on April 24, 2019.[3]

Fourth, if the court finds that "the plaintiff is not entitled to the benefit of the discovery rule," it then "determine[s] whether the defendant fraudulently concealed facts that prevented the plaintiff from discovering or pursuing the cause of action." Dunn, 689 S.E.2d at 265. If the plaintiff can make this showing, "the statute of limitations is tolled." Id.  Here, Plaintiffs point to the "Fraud" count in their complaint as an apparent basis for tolling the applicable statute of limitations.  However, Plaintiffs misconstrue West Virginia case law. The relevant inquiry is simple: did the Defendant "fraudulently conceal[ ] facts that prevented the plaintiff from discovering or pursuing the cause of action"? Id. Nowhere in the Complaint or in Plaintiffs' response do they make such an argument. Instead, MSA's purported fraud revolved around misleading statements and selling expired or untested respirators.  This alleged conduct in no way prevented Mr. Teets from discovering or pursuing this cause of action.

Plaintiffs further argue that because Mr. Teets believed the respirators protected him until meeting with his current attorney, the Court should disregard the statute of

---

[3] The Court emphasizes that it finds the statute of limitations began to run when Plaintiffs received the MSHA letter in June 2001.  However, even using the April 2017 triggering date Plaintiffs contend applies, the outcome is the same.  Accordingly, the Court will continue to refer to the April 2017 date as it is the latest possible date that the statute was triggered.

limitations.  Plaintiffs' argument is contrary to the law and it would lead to absurd results as MSA suggests in its briefing:

> If the rule were otherwise, a plaintiff could "plead a stale case merely because he did not see 'the right lawyer' at the appropriate time" or "endlessly shop for a lawyer until he found one willing to take his case." *Id.* After all, what if Boggs had seen a lawyer less knowledgeable about respirators than Mr. Cagle? Would his black lung claims continue to be viable even today? Surely not. Boggs knew that the respirators were supposed to prevent black lung disease, yet he got that disease anyway. All the more reason that a diligent plaintiff in Boggs's position would not need an attorney to tell him about his disease's link to the allegedly defective respirators.

Boggs v. 3M Co., No. CIV. 11-57-ART, 2012 WL 3644967, at *5 (E.D. Ky. Aug. 24, 2012), aff'd, 527 F. App'x 415 (6th Cir. 2013). ECF No. 98-7 at 4.

Fifth, "the court . . . should determine if the statute of limitation period was arrested by some other tolling doctrine." Id. The Court finds no other tolling doctrine applies to Plaintiffs' claims.

### III. CONCLUSION

The Court finds and concludes that Plaintiffs' claims are time-barred under West Virginia Code §55-2-12 and the Supreme Court of Appeals of West Virginia's relevant case law.  Accordingly, MSA's Motion for Summary Judgment is **GRANTED**.  ECF No. 97.  The Clerk of Court shall dismiss this case **WITH PREJUDICE** as to Defendant Mine Safety Appliances Company, LLC only.

Although the Court thoroughly reviewed Plaintiffs' Motion for Leave to File Surreply and the attached Surreply, the Court finds no good cause to grant the Motion and notes that nothing contained therein changes the Court's analysis of the relevant legal issues. Accordingly, the Motion, which MSA opposed, is **DENIED**. ECF No. 111.

The Clerk of Court is also **DIRECTED to TERMINATE as MOOT** ECF Nos. 139 & 147. Finally, the parties Joint Motion to Extend Upcoming Deadlines and Scheduled Status Conference is **DENIED as MOOT**.  ECF No. 151.

**IT IS SO ORDERED**.

The Clerk of Court is further **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED**: July 28, 2021

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE